IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Tawanda Blair, on behalf of L.J.B, | ) | Civil Action No. 8:11-cv-1416-RMG-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a motion to dismiss for lack of subject matter jurisdiction filed by Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). [Doc. 25.] Plaintiff, proceeding pro se on behalf of her minor son L.J.B., brought this action pursuant to 42 U.S.C. §§ 405(g), 1383(c) to obtain judicial review of the denial of a claim for supplemental security income ("SSI").[1] [Doc. 1-1.] Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B), this magistrate judge is authorized to review this matter and issue a Report and Recommendation to the District Court.[2] For the reasons set forth below, the Court recommends that the Commissioner's motion to dismiss be granted.

---

[1] Section 1383(c)(3) provides, "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3).

[2] A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

**PROCEDURAL HISTORY**

On September 9, 2005, Plaintiff protectively filed a claim for SSI on behalf of her minor son L.J.B., which was denied. [Doc. 25-2 ¶ 3(a).] Plaintiff then filed a request for a hearing. [*Id.*] On January 17, 2008, an administrative law judge ("ALJ") issued an unfavorable decision on Plaintiff's application. [*Id.* ¶ 3(b).] Plaintiff was notified that if she wished to appeal of the ALJ's decision, she must file an appeal within sixty days of the date she received the decision.[3] [*Id.*] On October 28, 2008, Plaintiff filed a subsequent application for SSI. [*Id.* ¶ 3(d).] On February 27, 2009, the Social Security Administration ("the Administration") notified Plaintiff that L.J.B. was entitled to SSI payments; the notice also advised Plaintiff of her right to appeal the decision by filing a Request for Reconsideration within sixty days of receipt of the notice.[4] [*Id.*]

On March 2, 2011, Plaintiff filed a civil action in the United States District Court for the Middle District of Alabama. [*Id.* ¶ 3(e); Doc. 1-1.] Plaintiff relocated to South Carolina, and on June 10, 2011, the case was transferred to the District of South Carolina. [Doc. 1.] On October 4, 2011, the Commissioner filed a motion to dismiss for lack of subject matter jurisdiction, based on Plaintiff's failure to exhaust her administrative remedies. [Doc. 25.] Plaintiff filed a response in opposition on October 11, 2011. [Doc. 26.] On October 14, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion to dismiss, and the Court granted Plaintiff the opportunity to

---

[3] The Appeals Council has not received a request for review of the ALJ's decision. [Doc. 25-2 ¶ 3(c).]

[4] A review of the official file maintained by the Office of Disability Adjudication and Review indicates Plaintiff did not file a Request for Reconsideration of the award of benefits. [Doc. 25-2 ¶ 3(d).]

supplement her response in opposition. [Doc. 27.] Plaintiff filed a second response in opposition on October 27, 2011. [Doc. 29.] Accordingly, the Commissioner's motion is now ripe for review.

## APPLICABLE LAW

### Authority for Judicial Review

The Social Security Act authorizes judicial review of adverse decisions rendered by the Commissioner. 42 U.S.C. § 405(g). The United States Supreme Court has enumerated three requirements for judicial review pursuant to § 405(g):

> (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business.

*Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975). The second and third requirements, which are waivable, specify, respectively, a statute of limitations and appropriate venue. *Id.* at 764. The first requirement—*a final decision of the Commissioner made after a hearing*—is mandatory; the Court stated, "We interpret the first requirement, however, to be central to the requisite grant of subject-matter jurisdiction—the statute empowers district courts to review a particular type of decision by the [Commissioner], that type being those which are 'final' and 'made after a hearing.'" *Id.*

### Process for Obtaining Judicially Reviewable Decision of Commissioner

Under the Administration's regulations, an individual claiming entitlement to SSI benefits first receives an initial determination. 20 C.F.R. §§ 416.1400(a)(1), 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration. *Id.* §§

3

416.1400(a)(2), 416.1407. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. *Id.* §§ 416.1400(a)(3), 416.1407, 416.1429. If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request Appeals Council review of the decision. *Id.* §§ 416.1400(a)(4), 416.1467.

The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. *Id.* § 416.1467, 416.1481. Alternatively, the Appeals Council may grant the request for review and issue its own decision.[5] *Id.* § 416.1467, 416.1481. In either event, the claimant may then seek judicial review of the Commissioner's final decision; thus, under the Administration's regulations, a claimant obtains a judicially reviewable final decision only if she completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying her request for review. *Id.* §§ 416.1400(a)(5); 416.1481, 422.210.

## DISCUSSION

Upon review of the record before the Court, it is undisputed[6] that Plaintiff failed to appeal to the Appeals Council the agency's decision regarding L.J.B.'s entitlement to SSI benefits. [Doc. 25-2 ¶ 3(d).] Thus, it is clear Plaintiff failed to exhaust her administrative remedies and failed to obtain a judicially reviewable "final decision."[7]

---

[5] The Appeals Council may also remand the case to an ALJ. 20 C.F.R. § 416.1467. However, this action is not judicially reviewable. *See id.* § 416.1481.

[6] In both responses to the Commissioner's motion, Plaintiff does not dispute her failure to appeal the notice of the award of benefits. [*See* Docs. 26, 29.]

[7] The Administration's regulations do provide for an expedited appeals process, which allows a claimant who does not dispute the Administration's findings of fact and application and interpretation of the controlling laws to go directly to a federal district court with a claim that part of the law is unconstitutional. 20 C.F.R. §

4

As discussed above, § 405(g) expressly allows judicial review only of a "final decision," and Congress has left it to the Commissioner to determine what is a final decision. "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Weinberger*, 422 U.S. at 766. Because Congress has authorized judicial review only of a "final decision," as defined by the Commissioner, and Plaintiff has not exhausted the administrative remedies required to obtain such a "final decision," Plaintiff's Complaint must be dismissed. *See Heckler v. Ringer*, 466 U.S. 602, 618–19 (1984) (holding that the district court's dismissal was appropriate because of the plaintiff's failure to exhaust).[8]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based on the foregoing, it is recommended that the Commissioner's motion to dismiss [Doc. 25] be GRANTED. Accordingly, it is also recommended that Plaintiff's motion to speed up process or make a decision [Doc. 17] be DENIED as MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

November 21, 2011
Greenville, South Carolina

---

416.1400(a)(6). Nothing in the record indicates Plaintiff claims only that the applicable law is unconstitutional.

[8] The Commissioner may waive the exhaustion requirement when further exhaustion would be futile, such as when the claimant asserts a claim that is wholly collateral to her claim for benefits. *See Ringer*, 466 U.S. at 617–18. Here, Plaintiff has asserted only a claim for benefits [Doc. 1-1] and, therefore, this exception to the exhaustion requirement is inapplicable.