# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Tawanda Blair, on behalf of LJB )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 8:11-cv-1416-RMG<br><br>**ORDER** |

Plaintiff, proceeding *pro se* on behalf of her minor son L.J.B., filed this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of underpayments regarding her claim for Supplemental Security Income ("SSI") awarded pursuant to the decision of the Commissioner of Social Security. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling. Defendant has filed a motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 25). The Magistrate Judge recommended that the Defendant's motion to dismiss be granted. (Dkt. No. 31). Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, Defendant filed a reply and Plaintiff filed an additional reply and letter. (Dkt. Nos. 33, 35, 38 and 39). For reasons set forth below, the Court grants the Defendant's motion to dismiss for lack of subject matter jurisdiction.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

1

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff filed an application for SSI on behalf of L.J.B. on September 9, 2005, which was initially denied on November 29, 2005.[1] (Dkt. No. 25-2 at 8). Plaintiff then timely filed a request for a hearing on December 1, 2005, which was held on November 2, 2007. (*Id.*). On January 17, 2008, the ALJ issued a decision determining that L.J.B. was not disabled within the meaning of the Social Security Act since the filing of the application on September 9, 2005. (*Id.* at 19). The Appeals Council did not receive a request to appeal this decision. (Dkt. No. 25-2 at 3). On October 28, 2008, Plaintiff filed another application for SSI, which was granted on February 27, 2009. (Dkt. No. 25-2 at 21). Plaintiff did not file a request for reconsideration regarding this decision. (Dkt. No. 25-2 at 3).

Plaintiff filed the instant action in United States District Court for the Middle District of Alabama, which was subsequently transferred to this Court after the Plaintiff relocated to South Carolina. (Dkt. No. 1). Plaintiff appears to claim that she has not been paid all of the amounts that she is entitled to under her SSI claim. (Dkt. No. 1-1 at 2). Specifically, Plaintiff states that the Commissioner "didn't correctly analyze application and He was suppose to be rewarded more than they gave." (*Id.*).

Pursuant to 42 U.S.C. § 405(g), this Court may review a final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g); *see also, Weinberger v. Salfi*, 422 U.S.

---

[1] The Administrative Law Judge ("ALJ") also noted that Plaintiff had filed claims on behalf of L.J.B. on May 15, 2000 and March 21, 2002, alleging disability commencing September 30, 1999, both of which were denied on September 12, 2000 and May 8, 2002 and no further action was taken on either claim. (Dkt. No. 25-2 at 8).

2

749, 764 (holding the requirement that a decision be final before judicial review "to be central to the requisite grant of subject-matter jurisdiction—the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing'"). To obtain a final decision, a claimant must proceed through the administrative process outlined by the regulations as promulgated by the Secretary. 20 C.F.R. § 404.900(a). This requires first obtaining an initial determination "about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review." *Id.* Initial determinations include "any overpayment or underpayment of your benefits." 20 C.F.R. § 404.902(j).

In the instant case, Plaintiff appears to be raising a new claim that she was underpaid pursuant to the SSI benefits that she was awarded. This claim has not been raised at the administrative level and there has been no "initial determination." Because there was no initial determination as to her claim, there is no final decision of the Commissioner and this Court does not have subject matter jurisdiction to review the Plaintiff's claim. *See Strong v. Commissioner*, 2011 WL 534042 at *3 (D.Me. 2011)("Because there has been no administrative hearing on the issue of the amount of (or any underpayment or offsets to) [plaintiff]'s child's benefits, he has not exhausted his administrative appeal remedies."). Plaintiff will need to pursue her claims regarding underpayment with the Social Security Administration before they can be properly addressed by this Court.

Defendant's motion to dismiss is granted (Dkt. No. 25) and Plaintiff's claims are dismissed without prejudice.

AND IT IS SO ORDERED.

                                                                                        _____
                                                                                        Richard Mark Gergel
                                                                                        United States District Judge

December 28, 2011
Charleston, South Carolina